1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUL - 3 2013

CENTRAL DISTRICT OF CALIFORNIA
BY Smy                        DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| OAKLEY, INC., | CASE NO.: SACV12-02138 JVS (ANx) |
| Plaintiff, | [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION |
| v. | |
| NIKE, INC. and RORY MCILROY, | |
| Defendants. | |

## [PROPOSED] STIPULATED PROTECTIVE ORDER
## GOVERNING CONFIDENTIAL INFORMATION

**A.**  **Purposes and Limitations**

Disclosure and discovery in this Action will involve production of confidential information for which protection from public disclosure, and from use for any purpose other than litigating this Action, is warranted. Accordingly, the Parties stipulate to and petition the Court to enter the following Stipulated Protective Order. Nothing herein shall be deemed to waive or limit any rights or protections that any of the Parties or any other person may have under the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, or other applicable law, nor shall this Order alter the burden of establishing the confidentiality of designated information.

**B.**  **Definitions**

1.  <u>Party</u>: any party to this Action, including their respective officers, directors, and employees.

2.  <u>Discovery Material</u>: any information that is produced or otherwise disclosed in connection with this Action.

3.  <u>Receiving Person</u>: any Party or other person that receives Discovery Material in connection with this Action.

4.  <u>Producing Person</u>: any Party or other person, including but not limited to a third-party subpoena recipient, that produces Discovery Material in connection with this Action.

5.  <u>Designating Person</u>: any Party or other person that designates any Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL as provided herein.

6.  <u>Protected Material</u>: any Discovery Material that is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL as provided herein. Information may be designated as CONFIDENTIAL only if the Designating Person reasonably believes such information reflects or reveals a trade secret or other confidential research, development, or commercial information or non-public personal

1

1  information that is entitled to confidential treatment under Fed. R. Civ. P. 26(c).
2  Information may be designated as HIGHLY CONFIDENTIAL only if the
3  Designating Person reasonably believes (a) such information meets the definition of
4  CONFIDENTIAL information above, and (b) the disclosure of such information to
5  anyone other than those persons specified in Section G.2 below likely will result in
6  serious competitive, commercial, financial or personal harm.  Protected Material
7  shall not include any information already in the public domain.

8      7.    Secondary Material: any information copied, excerpted, extracted,
9  summarized, compiled or otherwise derived from Protected Material, plus testimony
10 or conversations or presentations by the Parties or Counsel in settings that reveal
11 Protected Material.

12     8.    Outside Counsel: attorneys who are retained to represent or advise a
13 client in connection with this Action, but who are not employees of the represented
14 person.

15     9.    In-House Counsel: attorneys who are employees of a Party.

16     10.   Expert: a person with specialized knowledge or experience in a matter
17 pertinent to this Action who has been consulted by a Party or its counsel to serve as
18 an expert witness or as an investigator or consultant in this Action.

19     11.   Professional Vendors: persons and their subcontractors that provide
20 litigation support services.  This includes any professional jury or trial consultant
21 retained in connection with this Action.

22 **C.    Scope**

23     The protections conferred by this Stipulation and Order cover not only Protected Material
24 (as defined above), but also Secondary Material (as defined above).  The Parties shall attempt to
25 agree in good faith upon procedures to prevent disclosure of Protected Material at trial, and shall
26 submit such proposed procedures to the Court for its approval or modification.  Protected Material
27 cannot be offered as evidence, included or referenced in filings, or relied upon at court proceedings
28 unless and until such procedures have been submitted to and ruled upon by the Court.  The Parties

1 do not intend the foregoing provision to waive any arguments as to the use of CONFIDENTIAL or

2 HIGHLY CONFIDENTIAL INFORMATION at trial or the admissibility of documents or

3 information at trial.

4 **D.    Duration**

5      This Order shall remain in force and effect until modified, superseded, or terminated by

6 order of the Court, including after termination of this litigation.  For the purpose of enforcing this

7 Order, this Court shall retain jurisdiction following the conclusion of this Action over the Parties

8 and all persons bound by this Order.

9 **E.    Designating Protected Material**

10      1.    Form and Timing of Designations.    Protected Material must be

11 designated as follows:

12          (a)    For documents other than deposition transcripts, the Designating

13 Person shall affix the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL on

14 the face of each page that contains Protected Material.  If only a portion or portions

15 of the material on a page is designated, the Designating Person also must clearly

16 identify the protected portion(s).  If all material on a given page is designated, the

17 Designating Person need only mark the page with the legend CONFIDENTIAL or

18 HIGHLY CONFIDENTIAL.

19          (b)    For interrogatory answers and responses to requests for

20 admissions, any designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL

21 information shall be made by a marking in each answer or response so designated

22 that the answer or response, or identified part thereof, is CONFIDENTIAL or

23 HIGHLY CONFIDENTIAL.

24          (c)    Original documents or materials made available for inspection

25 need not be designated for protection until after the inspecting Party has indicated

26 which documents or materials it wishes to have copied and produced.   The

27 documents and materials shall then be copied and produced consistent with the terms

28 of this Order.  During the inspection and before any such production, all of the

1 material shall be deemed Protected Material, as if marked HIGHLY
2 CONFIDENTIAL.  Documents or materials made available for inspection but not
3 produced shall remain HIGHLY CONFIDENTIAL.

4           (d)    For deposition testimony, a Designating Person shall either
5 identify all portions of protected testimony on the record before the close of the
6 deposition, or provide written notice of any designation within twenty (20) days after
7 the receipt of the official deposition transcript.  The court reporter shall separately
8 bind transcript pages containing Protected Material, with each such page bearing the
9 legend CONFIDENTIAL or HIGHLY CONFIDENTIAL, as instructed by the
10 Designating Person.  The Parties shall treat all deposition testimony as HIGHLY
11 CONFIDENTIAL under this Order until the expiration of twenty (20) days after the
12 receipt of the official deposition transcript.   The Parties may modify this procedure
13 for any particular deposition through agreement of all Parties, plus the applicable
14 Producing Person if not a Party, on the record at such deposition, or otherwise by
15 written stipulation, in either instance subject to approval by the Court.

16           (e)    To the extent that any person converts to digital media any
17 information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, that
18 person must ensure that such media includes a comparable identification of the
19 CONFIDENTIAL or HIGHLY CONFIDENTIAL designation, and that access to
20 such media is restricted to those persons who, by the terms of this Order, may have
21 access to such information.

22     2.    Withdrawing a Designation.  If a Designating Person learns that it
23 incorrectly   designated   information   as   CONFIDENTIAL   or   HIGHLY
24 CONFIDENTIAL, that person shall promptly withdraw the designation and
25 promptly inform the Receiving Persons and all Parties.

26     3.    Inadvertent Failures to Designate.  An inadvertent failure to designate
27 information as CONFIDENTIAL or HIGHLY CONFIDENTIAL does not waive any
28 person's right to secure protection for such material under this Order or otherwise.

4

1 Any Receiving Person who is advised of any such inadvertent failure, shall thereafter
2 treat such information accordingly under the terms of this Order.

3    4.    Inadvertent Production of Privileged Information.   Any information
4 produced in discovery in this Action that is subject to a claim of privilege (for
5 example, without limitation, attorney-client privileged information that is
6 inadvertently produced) shall be subject to the rules and procedures set forth in Fed.
7 R. Civ. P. 26(b)(5)(B).

8 **F.    Challenges to Treatment of Information**

9    1.    Meet and Confer.   In the event that:  (a) any person disagrees with any
10 confidentiality designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL
11 information, counsel for such person shall notify Outside Counsel for the
12 Designating Party and all Parties in writing of each such matter to which he or she
13 objects and the reason(s) for the objection; or (b) any person proposes in good faith
14 that additional persons not already authorized by this Order should be given access to
15 information designated HIGHLY CONFIDENTIAL or CONFIDENTIAL, counsel
16 for such person shall notify Outside Counsel for the Designating Party and all Parties
17 in writing of such proposal, and identify in this writing the HIGHLY
18 CONFIDENTIAL or CONFIDENTIAL information at issue and the person that he
19 or she believes in good faith should be given access to the information.  Within five
20 (5) business days of the receipt of the writing described in the preceding sentence,
21 counsel shall expeditiously confer (in person or by telephonic means) to attempt to
22 resolve such dispute in good faith, and shall advise Outside Counsel for the
23 Designating Party and all Parties in writing reasonably in advance of such meet and
24 confer.

25    2.    Judicial Intervention.   If any dispute referenced in Section F.1. above
26 cannot be resolved as a result of the meet and confer, or if the Outside Counsel for
27 the Designating Party or any Party or other person refuses to cooperate in scheduling
28 the meet and confer, such dispute may be subject to a request for judicial

5

1  intervention, but only after five (5) business days following the meet and confer or
2  such failure to cooperate.  Notwithstanding anything else in this Order, all persons
3  shall treat the information at issue consistent with the challenged status (for example,
4  without limitation, HIGHLY CONFIDENTIAL information may not be shown to
5  any proposed additional persons) until (a) as otherwise stipulated by the Designating
6  Person and all Parties; (b) as ordered by the Magistrate Judge but only after the
7  expiration of any time to appeal any such order to the District Court; or (c) as
8  ordered by the District Court.  The Parties reserve their right to appeal all orders of
9  the Magistrate Judge to the District Judge.  The procedures set forth in this Section
10  F.2 shall apply notwithstanding any other procedure set forth in the local rules or
11  otherwise.

12  **G.    Access to and Use of Protected Material**

13      1.    <u>Limitation on Use</u>.  Protected Material may be used by a Receiving
14  Person only for prosecuting, defending or attempting to settle this Action, and for no
15  other purpose.  Such Protected Material may be disclosed only as provided in this
16  Order, unless otherwise ordered by the Court or approved by the Designating Person
17  in writing.  Protected Material must be stored and maintained by a Receiving Person
18  in a secure manner that ensures that access is limited to the persons authorized under
19  this Order.

20      2.    <u>HIGHLY CONFIDENTIAL Information Disclosure</u>.  Unless otherwise
21  ordered by the Court or permitted in writing by the Designating Person, information
22  designated HIGHLY CONFIDENTIAL may be disclosed by the Receiving Person
23  only to:

24          (a)    Outside Counsel of record in this action, as well as employees of
25  said Counsel to whom it is reasonably necessary to disclose the information for this
26  litigation;

27          (b)    Retained, non-party experts of the Receiving Person to whom
28  disclosure is reasonably necessary for this litigation and employees of the Expert to

1  whom it is reasonably necessary to disclose the information for this litigation,
2  provided that each such person has first signed the "Acknowledgment and
3  Agreement to Be Bound";

4          (c)    any person who has signed the "Acknowledgment and
5  Agreement to Be Bound" and (i) was involved in the preparation of the document
6  containing the HIGHLY CONFIDENTIAL information or who is shown on the face
7  of the HIGHLY CONFIDENTIAL information to have authored or received it (but
8  then may only be shown those specific portions of the HIGHLY CONFIDENTIAL
9  information the person authored or received) or (ii) who is specifically referenced by
10 name in the HIGHLY CONFIDENTIAL material as having communicated or
11 received the HIGHLY CONFIDENTIAL information that the document references
12 or memorializes, but then may only be shown those specific portions of the HIGHLY
13 CONFIDENTIAL information that the document references the person as having
14 communicated or received;

15         (d)    the Court and its personnel to the extent reasonably necessary to
16 support a Party's filing in this litigation, and subject to the provisions of this
17 Agreement concerning the filing of Protected Material under seal and any agreement
18 the Parties may later make concerning the filing of documents consistent with the
19 Rules of the Court;

20         (e)    court reporters and their staffs to whom disclosure is reasonably
21 necessary for this litigation provided that to the extent such person(s) are not Court
22 personnel, any such person first signs the "Acknowledgment and Agreement to Be
23 Bound";

24         (f)    Professional Vendors to whom disclosure is reasonably necessary
25 for this litigation, and who have signed the "Acknowledgment and Agreement to Be
26 Bound";

27         (g)    any special masters and/or mediators used in this litigation, and
28 their employees and agents; and

1    (h)    Brendan Sweeney, in-house litigation counsel for Oakley in
2 connection with this Action, but only with respect to HIGHLY CONFIDENTIAL
3 material that constitutes "historical information created or referring to Nike's
4 negotiations with McIlroy" (designated by the Producing Party as "HIGHLY
5 CONFIDENTIAL – NIKE NEGOTIATIONS") in accordance with Magistrate Judge
6 Arthur Nakazato's June 26, 2013 Order, and provided that Mr. Sweeney first signs
7 and returns the "Acknowledgement and Agreement to Be Bound" attached hereto.
8 This provision applies only to Mr. Sweeney and does not extend to any personal
9 assistant of Mr. Sweeney.  If any Party disagrees with a designation or failure to
10 designate HIGHLY CONFIDENTIAL material as "HIGHLY CONFIDENTIAL –
11 NIKE NEGOTIATIONS," that Party may challenge the designation pursuant to the
12 procedures in Section F above.

13    3.    CONFIDENTIAL Information Disclosure. Unless otherwise ordered by
14 the Court or permitted in writing by the Designating Person, a Receiving Person may
15 disclose any information or item designated CONFIDENTIAL only to:

16    (a)    The persons identified in Section G.2(a) through G.2(h) above
17 (except with respect to Section G.2(c), which will apply to CONFIDENTIAL
18 information in this Section G.3);

19    (b)    In-house Counsel who have specific responsibility for this
20 litigation as well as employees of the Receiving Person's In-house Counsel
21 department to whom it is reasonably necessary to disclose the information for this
22 litigation;

23    (c)    any person currently employed by, or retained as an agent of, any
24 Receiving Person or any Party, who has signed the "Acknowledgment and
25 Agreement to Be Bound" and to whom it is reasonably necessary to disclose the
26 information for this litigation;

27    (d)    any former employee, counsel, or agent of the Designating
28 Person, or any Receiving Person, or any Party, and who was so employed or retained

8

1  at the time the document was created, or at the time the events or transactions
2  described in the document occurred, who has signed the "Acknowledgment and
3  Agreement to Be Bound" and to whom it is reasonably necessary to disclose the
4  information for this litigation.

5       4.  <u>Use of Protected Material in Related Government Actions</u>.  Nothing in
6  this Order is intended to or shall preclude the Parties from cooperating with or
7  providing Protected Material to the government in connection with any
8  investigations or proceedings, nor shall it preclude the Parties from offering into
9  evidence or otherwise using Protected Material in any investigations or proceedings
10  brought against them by the government.

11  **H.**  **<u>Protected Material Subpoenaed or Ordered Produced in Other Legal</u>**
12  **<u>Proceedings</u>**

13       If a Receiving Person is served with a subpoena or an order issued in other legal
14  proceedings that would compel disclosure of any Protected Material, the Receiving Person must
15  notify the Designating Person in writing immediately and in no event more than three (3) calendar
16  days after receiving the subpoena or order.  Such notification must include a copy of the subpoena
17  or court order.

18       The Receiving Person also must immediately inform in writing the party who caused the
19  subpoena or order to issue in the other legal proceedings that some or all the material covered by
20  the subpoena or order is subject to this Order.  In addition, the Receiving Person must deliver a
21  copy of this Order promptly to the party in the other legal proceedings that caused the subpoena or
22  order to issue.

23       The purpose of imposing these duties is to alert the interested parties to the existence of this
24  Order and to afford the Designating Person in this case an opportunity to protect its confidentiality
25  interests in the court from which the subpoena or order was issued.  Nothing in these provisions
26  should be construed as authorizing or encouraging a Receiving Person in this action to disobey a
27  lawful directive from another court or other juridical body.

28

## I.    **Non-Party Protection**

Any non-party to this action who desires protection of any discovery obtained from it in this Action may obtain such protection under this Order by executing and serving on each Party a copy of the "Acknowledgment and Agreement to Be Bound," and filing the executed copy with the Court.

## J.    **Unauthorized Disclosure of Protected Material**

If a Receiving Person learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Person must immediately (a) notify in writing the Designating Person of the unauthorized disclosures, (b) use its best efforts to retrieve both the Protected Material and all Secondary Materials, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons execute the "Acknowledgment and Agreement to Be Bound."

If a Party or any other person subject to this Order has actual knowledge that Protected Material is being used or possessed by a person not authorized to use or possess that material, regardless of how the material was disclosed or obtained, the person with such knowledge shall provide immediate written notice of the unauthorized use or possession to the Designating Person. The Designating Person reserves all of its rights, including but not limited to the right to seek sanctions for unauthorized disclosure of Protected Material.

(a)    Filing or Discussing Protected Material in Open Court. Without written permission from the Designating Person, or a court order secured after appropriate notice to all interested persons, a Party or other person subject to this Order may not file or discuss in open court any Protected Material in the public record of this Action. Any person that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. To the extent any Party or other person subject to this Order is required by the Court to discuss Protected Material in the public record, that person shall request that the Court seal the record pertaining to the Protected Material and it shall not be deemed a waiver of the CONFIDENTIAL or

10

1  HIGHLY CONFIDENTIAL designation, which shall continue to apply to the
2  Protected Material.

3      Consistent with Local Civil Rule 79-5, documents designated CONFIDENTIAL or
4  HIGHLY CONFIDENTIAL shall be labeled as such, shall be filed under seal, and any motion
5  discussing such documents must be either filed under seal or partially under seal. The cover page
6  of such document shall also bear the legend "FILED UNDER SEAL." Only those portions of such
7  documents and materials containing or reflecting CONFIDENTIAL or HIGHLY
8  CONFIDENTIAL information shall be considered as such, and may be disclosed only in
9  accordance with this Order.

10     No Party or other person may have access to any sealed document from the files of the
11  Court without an Order of this Court. This provision does not relieve the filing person of serving
12  the document on other Parties in accordance with ordinary procedures established by the civil and
13  local rules or Court order. Documents filed under seal may be unsealed upon a properly noticed
14  and heard motion to the Court and Court-ordered relief.

15         (b)  Final Disposition.  Unless otherwise ordered by the Court or
16  agreed to in writing by the Producing Person, within sixty (60) days after the final
17  termination of this Action, each Receiving Person must destroy or return all
18  Protected Material to the Producing Person, and destroy or return all Secondary
19  Material to the Producing Person, in each case except as provided in this paragraph.
20  With permission in writing from the Designating Person, the Receiving Person may
21  destroy some or all of the Protected Material instead of returning it.  Whether the
22  Protected Material is returned or destroyed, the Receiving Person must submit a
23  written certification to the Producing Person (and, if not the same person, to the
24  Designating Person) by the sixty (60) day deadline that identifies (by category,
25  where appropriate) all the Protected Material that was returned or destroyed and that
26  affirms that the Receiving Person has not retained any Secondary Materials.
27  Notwithstanding this provision or anything else in this Agreement, counsel for all
28  Parties to this Action are entitled to retain archival copies of all pleadings, motion

1 | papers, transcripts, legal memoranda, correspondence or attorney work product, even
2 | if such materials contain Protected Material or Secondary Material.   Any such
3 | archival copies that contain or constitute Protected Material remain subject to this
4 | Protective Order as set forth in Section D ("Duration") above.

5 | **K.**   **Miscellaneous**

6 |     1.   <u>Right to Further Relief</u>.  Nothing in this Order limits the right of any
7 | person to seek its modification by the Court in the future.  Moreover, nothing in this
8 | Order shall prevent a Producing Person or Designating Person from obtaining a
9 | further or different protective order that governs its production of material either by
10 | stipulation or Court order.  Motions to modify this Order shall be served and filed
11 | under Local Rule 7 and the presiding judge's standing orders or other relevant orders.

12 |     2.   <u>Right to Assert Other Objections</u>.  By stipulating to this Protective
13 | Order, no Party or other person subject to this Order waives any rights it otherwise
14 | would have to object to disclosing or producing any information on any ground not
15 | addressed in this Order.  Similarly, no Party waives any right to object on any ground
16 | relating to the admissibility of the material covered by this Order.

17 |     3.   <u>Redactions</u>.  Nothing in this Order is intended to limit or expand the
18 | extent to which any person may redact irrelevant or other information from any
19 | Discovery Material as permitted by the Federal Rules of Civil Procedure or
20 | otherwise applicable law.

21 |     4.   <u>Acknowledgment Forms</u>.  Any "Acknowledgment and Agreement to Be
22 | Bound" signed by any persons receiving Protected Material shall be maintained by
23 | counsel who provided the Protected Material to such persons and shall not be subject
24 | to disclosure except by Court order or by agreement.  Counsel shall maintain the
25 | originals of the forms signed by persons acknowledging their obligations under this
26 | Order for a period of one (1) year after dismissal of the Action, the entry of final
27 | judgment and/or the conclusion of any appeals arising therefrom.

28 |

1   5. <u>Applicable Law</u>. The Order is subject to the Local Rules of the Central

2 District of California and the Federal Rules of Civil Procedure.

3

4 **IT IS SO ORDERED**.

5

6

7 DATED: July 3, 2013

             _____

8              ARTHUR NAKAZATO

            UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13

## ATTACHMENT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name],

of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order issued by the United States District Court for the Central District of California on July __, 2013 in the case of *Oakley, Inc. v. Nike, Inc., et al.*, No. 12-cv-02138, I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt.  I agree that I will not disclose in any manner any information or items that are subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                        [printed name]

Signature: _____
                        [signature]

14