JEFFREY T. THOMAS, SBN 106409
  jtthomas@gibsondunn.com
JEFFREY H. REEVES, SBN 156648
  jreeves@gibsondunn.com
JOSEPH A. GORMAN, SBN 267553
  jgorman@gibsondunn.com
SEAN S. TWOMEY, SBN 279527
  stwomey@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220

Attorneys for Defendant NIKE, INC.

RICHARD MARMARO, SBN 91387
  richard.marmaro@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 S. Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Telephone: 213.687.5000
Facsimile: 213.687.5600

Attorneys for Defendant RORY McILROY

MATTHEW M. WALSH, SBN 175004
  mwalsh@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: 213.615.1700
Facsimile: 213.615.1750

Attorneys for Plaintiff OAKLEY, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| OAKLEY, INC., <br><br>  Plaintiff, <br><br>  v. <br><br> NIKE, INC.; and RORY McILROY, <br><br>  Defendants. | CASE NO. SACV12-02138 JVS (ANx) <br><br> **STIPULATION RE AMENDED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION** <br><br> Judge:   Hon. James V. Selna |

Gibson, Dunn & Crutcher LLP

1   WHEREAS, the parties have met and conferred and the parties have agreed to an amended form of a proposed order governing confidentiality, which is attached to this Stipulation.

WHEREAS, the proposed amendments are indicated on the redline attached hereto as Exhibit A.

IT IS THEREFORE STIPULATED AND AGREED that the parties respectfully request that the Court enter the attached proposed protective order governing confidentiality.

Agreed: September 27, 2013

| GIBSON, DUNN & CRUTCHER LLP | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
|---|---|
| By: /s/ Jeffrey T. Thomas<br>Jeffrey T. Thomas | By: /s/ Richard Marmaro<br>Richard Marmaro |
| Attorneys for Defendant NIKE, INC. | Attorneys for Defendant RORY McILROY |

WINSTON & STRAWN LLP

By: /s/ Matthew M. Walsh
        Matthew M. Walsh

Attorneys for Plaintiff OAKLEY, INC.

## SIGNATURE ATTESTATION

I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Jeffrey T. Thomas

Attorneys for Defendant NIKE, INC.

101597609.1

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| OAKLEY, INC., <br><br> Plaintiff, <br><br> v. <br><br> NIKE, INC. and RORY MCILROY, <br><br> Defendants. | CASE NO.: SACV12-02138 JVS (ANx) <br><br> **[PROPOSED] AMENDED STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION** |

# [PROPOSED] AMENDED STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION

## A. Purposes and Limitations

Disclosure and discovery in this Action will involve production of confidential information for which protection from public disclosure, and from use for any purpose other than litigating this Action, is warranted. Accordingly, the Parties stipulate to and petition the Court to enter the following Stipulated Protective Order. Nothing herein shall be deemed to waive or limit any rights or protections that any of the Parties or any other person may have under the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, or other applicable law, nor shall this Order alter the burden of establishing the confidentiality of designated information.

## B. Definitions

1. <u>Party</u>: any party to this Action, including their respective officers, directors, and employees.

2. <u>Discovery Material</u>: any information that is produced or otherwise disclosed in connection with this Action.

3. <u>Receiving Person</u>: any Party or other person that receives Discovery Material in connection with this Action.

4. <u>Producing Person</u>: any Party or other person, including but not limited to a third-party subpoena recipient, that produces Discovery Material in connection with this Action.

5. <u>Designating Person</u>: any Party or other person that designates any Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL as provided herein.

6. <u>Protected Material</u>: any Discovery Material that is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL as provided herein. Information may be designated as CONFIDENTIAL only if the Designating Person reasonably believes such information reflects or reveals a trade secret or other confidential research, development, or commercial information or non-public personal

information that is entitled to confidential treatment under Fed. R. Civ. P. 26(c). Information may be designated as HIGHLY CONFIDENTIAL only if the Designating Person reasonably believes (a) such information meets the definition of CONFIDENTIAL information above, and (b) the disclosure of such information to anyone other than those persons specified in Section G.2 below likely will result in serious competitive, commercial, financial or personal harm.  Protected Material shall not include any information already in the public domain.

7. <u>Secondary Material</u>: any information copied, excerpted, extracted, summarized, compiled or otherwise derived from Protected Material, plus testimony or conversations or presentations by the Parties or Counsel in settings that reveal Protected Material.

8. <u>Outside Counsel</u>: attorneys who are retained to represent or advise a client in connection with this Action, but who are not employees of the represented person.

9. <u>In-House Counsel</u>: attorneys who are employees of a Party.

10. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to this Action who has been consulted by a Party or its counsel to serve as an expert witness or as an investigator or consultant in this Action.

11. <u>Professional Vendors</u>: persons and their subcontractors that provide litigation support services.  This includes any professional jury or trial consultant retained in connection with this Action.

**C.  Scope**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also Secondary Material (as defined above).  The Parties shall attempt to agree in good faith upon procedures to prevent disclosure of Protected Material at trial, and shall submit such proposed procedures to the Court for its approval or modification.  Protected Material cannot be offered as evidence, included or referenced in filings, or relied upon at court proceedings unless

and until such procedures have been submitted to and ruled upon by the Court. The Parties do not intend the foregoing provision to waive any arguments as to the use of CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION at trial or the admissibility of documents or information at trial.

**D.    Duration**

This Order shall remain in force and effect until modified, superseded, or terminated by order of the Court, including after termination of this litigation. For the purpose of enforcing this Order, this Court shall retain jurisdiction following the conclusion of this Action over the Parties and all persons bound by this Order.

**E.    Designating Protected Material**

1.    <u>Form and Timing of Designations</u>.   Protected Material must be designated as follows:

(a)    For documents other than deposition transcripts, the Designating Person shall affix the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL on the face of each page that contains Protected Material. If only a portion or portions of the material on a page is designated, the Designating Person also must clearly identify the protected portion(s). If all material on a given page is designated, the Designating Person need only mark the page with the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL.

(b)    For interrogatory answers and responses to requests for admissions, any designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL information shall be made by a marking in each answer or response so designated that the answer or response, or identified part thereof, is CONFIDENTIAL or HIGHLY CONFIDENTIAL.

(c)    Original documents or materials made available for inspection need not be designated for protection until after the inspecting Party has indicated which documents or materials it wishes to have copied and produced. The documents and materials shall then be copied and produced consistent with the terms

of this Order. During the inspection and before any such production, all of the material shall be deemed Protected Material, as if marked HIGHLY CONFIDENTIAL. Documents or materials made available for inspection but not produced shall remain HIGHLY CONFIDENTIAL.

      (d)    For deposition testimony, a Designating Person shall either identify all portions of protected testimony on the record before the close of the deposition, or provide written notice of any designation within twenty (20) days after the receipt of the official deposition transcript. The court reporter shall separately bind transcript pages containing Protected Material, with each such page bearing the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL, as instructed by the Designating Person. The Parties shall treat all deposition testimony as HIGHLY CONFIDENTIAL under this Order until the expiration of twenty (20) days after the receipt of the official deposition transcript. The Parties may modify this procedure for any particular deposition through agreement of all Parties, plus the applicable Producing Person if not a Party, on the record at such deposition, or otherwise by written stipulation, in either instance subject to approval by the Court.

      (e)    To the extent that any person converts to digital media any information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, that person must ensure that such media includes a comparable identification of the CONFIDENTIAL or HIGHLY CONFIDENTIAL designation, and that access to such media is restricted to those persons who, by the terms of this Order, may have access to such information.

    2.    <u>Withdrawing a Designation</u>. If a Designating Person learns that it incorrectly designated information as CONFIDENTIAL or HIGHLY CONFIDENTIAL, that person shall promptly withdraw the designation and promptly inform the Receiving Persons and all Parties.

    3.    <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate information as CONFIDENTIAL or HIGHLY CONFIDENTIAL does not waive any

4

[PROPOSED] AMENDED STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION

person's right to secure protection for such material under this Order or otherwise. Any Receiving Person who is advised of any such inadvertent failure, shall thereafter treat such information accordingly under the terms of this Order.

    4.    <u>Inadvertent Production of Privileged Information</u>.  Any information produced in discovery in this Action that is subject to a claim of privilege (for example, without limitation, attorney-client privileged information that is inadvertently produced) shall be subject to the rules and procedures set forth in Fed. R. Civ. P. 26(b)(5)(B).

E.    **Challenges to Treatment of Information**

    1.    <u>Meet and Confer</u>.  In the event that: (a) any person disagrees with any confidentiality designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL information, counsel for such person shall notify Outside Counsel for the Designating Party and all Parties in writing of each such matter to which he or she objects and the reason(s) for the objection; or (b) any person proposes in good faith that additional persons not already authorized by this Order should be given access to information designated HIGHLY CONFIDENTIAL or CONFIDENTIAL, counsel for such person shall notify Outside Counsel for the Designating Party and all Parties in writing of such proposal, and identify in this writing the HIGHLY CONFIDENTIAL or CONFIDENTIAL information at issue and the person that he or she believes in good faith should be given access to the information.  Within five (5) business days of the receipt of the writing described in the preceding sentence, counsel shall expeditiously confer (in person or by telephonic means) to attempt to resolve such dispute in good faith, and shall advise Outside Counsel for the Designating Party and all Parties in writing reasonably in advance of such meet and confer.

    2.    <u>Judicial Intervention.</u>  If any dispute referenced in Section F.1. above cannot be resolved as a result of the meet and confer, or if the Outside Counsel for the Designating Party or any Party or other person refuses to cooperate in scheduling

5
[PROPOSED] <u>AMENDED </u>STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION

the meet and confer, such dispute may be subject to a request for judicial intervention, but only after five (5) business days following the meet and confer or such failure to cooperate. Notwithstanding anything else in this Order, all persons shall treat the information at issue consistent with the challenged status (for example, without limitation, HIGHLY CONFIDENTIAL information may not be shown to any proposed additional persons) until (a) as otherwise stipulated by the Designating Person and all Parties; (b) as ordered by the Magistrate Judge but only after the expiration of any time to appeal any such order to the District Court; or (c) as ordered by the District Court. The Parties reserve their right to appeal all orders of the Magistrate Judge to the District Judge. The procedures set forth in this Section F.2 shall apply notwithstanding any other procedure set forth in the local rules or otherwise.

### G.    Access to and Use of Protected Material

1.    <u>Limitation on Use</u>.  Protected Material may be used by a Receiving Person only for prosecuting, defending or attempting to settle this Action, and for no other purpose. Such Protected Material may be disclosed only as provided in this Order, unless otherwise ordered by the Court or approved by the Designating Person in writing. Protected Material must be stored and maintained by a Receiving Person in a secure manner that ensures that access is limited to the persons authorized under this Order.

2.    <u>HIGHLY CONFIDENTIAL Information Disclosure</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Person, information designated HIGHLY CONFIDENTIAL may be disclosed by the Receiving Person only to:

(a)    Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Retained, non-party experts of the Receiving Person to whom disclosure is reasonably necessary for this litigation and employees of the Expert to whom it is reasonably necessary to disclose the information for this litigation, provided that each such person has first signed the "Acknowledgment and Agreement to Be Bound";

(c) any person who has signed the "Acknowledgment and Agreement to Be Bound" and (i) was involved in the preparation of the document containing the HIGHLY CONFIDENTIAL information or who is shown on the face of the HIGHLY CONFIDENTIAL information to have authored or received it (but then may only be shown those specific portions of the HIGHLY CONFIDENTIAL information the person authored or received) or (ii) who is specifically referenced by name in the HIGHLY CONFIDENTIAL material as having communicated or received the HIGHLY CONFIDENTIAL information that the document references or memorializes, but then may only be shown those specific portions of the HIGHLY CONFIDENTIAL information that the document references the person as having communicated or received;

(d) the Court and its personnel to the extent reasonably necessary to support a Party's filing in this litigation, and subject to the provisions of this Agreement concerning the filing of Protected Material under seal and any agreement the Parties may later make concerning the filing of documents consistent with the Rules of the Court;

(e) court reporters and their staffs to whom disclosure is reasonably necessary for this litigation provided that to the extent such person(s) are not Court personnel, any such person first signs the "Acknowledgment and Agreement to Be Bound";

(f) Professional Vendors to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgment and Agreement to Be Bound";

(g) any special masters and/or mediators used in this litigation, and their employees and agents; and

(h) ~~Brendan Sweeney, in-house litigation counsel for Oakley in~~ connection with this Action, ~~but only with respect to HIGHLY CONFIDENTIAL material that constitutes "historical information created or referring to Nike's negotiations with McIlroy" (designated by the Producing Party as "HIGHLY CONFIDENTIAL – NIKE NEGOTIATIONS") in accordance with Magistrate Judge Arthur Nakazato's June 26, 2013 Order, and provided that Mr. Sweeney~~ Matthew Curran, in-house litigation counsel for Oakley in connection with this Action, Robert Leinwand, in-house litigation counsel for Nike in connection with this Action, Eoin MacNeill, counsel for McIlroy in connection with this Action, and Thomas Hall, counsel for Conor Ridge in connection with this Action, provided that each of these individuals has first ~~signs and returns~~ signed the "~~Acknowledgement~~Acknowledgment and Agreement to Be Bound." ~~attached hereto. This provision applies only to Mr. Sweeney and does not extend to any personal assistant of Mr. Sweeney. If any Party disagrees with a designation or failure to designate HIGHLY CONFIDENTIAL material as "HIGHLY CONFIDENTIAL – NIKE NEGOTIATIONS," that Party may challenge the designation pursuant to the procedures in Section F above.~~

3. <u>CONFIDENTIAL Information Disclosure</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Person, a Receiving Person may disclose any information or item designated CONFIDENTIAL only to:

(a) The persons identified in Section G.2(a) through G.2(h) above (except with respect to Section G.2(c), which will apply to CONFIDENTIAL information in this Section G.3);

(b) In-house Counsel who have specific responsibility for this litigation as well as employees of the Receiving Person's In-house Counsel

department to whom it is reasonably necessary to disclose the information for this litigation;

(c)   any person currently employed by, or retained as an agent of, any Receiving Person or any Party, who has signed the "Acknowledgment and Agreement to Be Bound" and to whom it is reasonably necessary to disclose the information for this litigation;

(d)   any former employee, counsel, or agent of the Designating Person, or any Receiving Person, or any Party, and who was so employed or retained at the time the document was created, or at the time the events or transactions described in the document occurred, who has signed the "Acknowledgment and Agreement to Be Bound" and to whom it is reasonably necessary to disclose the information for this litigation.

4.   <u>Use of Protected Material in Related Government Actions</u>.  Nothing in this Order is intended to or shall preclude the Parties from cooperating with or providing Protected Material to the government in connection with any investigations or proceedings, nor shall it preclude the Parties from offering into evidence or otherwise using Protected Material in any investigations or proceedings brought against them by the government.

**H.   Protected Material Subpoenaed or Ordered Produced in Other Legal Proceedings**

If a Receiving Person is served with a subpoena or an order issued in other legal proceedings that would compel disclosure of any Protected Material, the Receiving Person must notify the Designating Person in writing immediately and in no event more than three (3) calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Person also must immediately inform in writing the party who caused the subpoena or order to issue in the other legal proceedings that some or all the material covered by the subpoena or order is subject to this Order.  In addition,

the Receiving Person must deliver a copy of this Order promptly to the party in the other legal proceedings that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Person in this case an opportunity to protect its confidentiality interests in the court from which the subpoena or order was issued. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Person in this action to disobey a lawful directive from another court or other juridical body.

### I. Non-Party Protection

Any non-party to this action who desires protection of any discovery obtained from it in this Action may obtain such protection under this Order by executing and serving on each Party a copy of the "Acknowledgment and Agreement to Be Bound," and filing the executed copy with the Court.

### J. Unauthorized Disclosure of Protected Material

If a Receiving Person learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Person must immediately (a) notify in writing the Designating Person of the unauthorized disclosures, (b) use its best efforts to retrieve both the Protected Material and all Secondary Materials, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons execute the "Acknowledgment and Agreement to Be Bound."

If a Party or any other person subject to this Order has actual knowledge that Protected Material is being used or possessed by a person not authorized to use or possess that material, regardless of how the material was disclosed or obtained, the person with such knowledge shall provide immediate written notice of the unauthorized use or possession to the Designating Person. The Designating Person reserves all of its rights, including but not limited to the right to seek sanctions for

unauthorized disclosure of Protected Material.

   (a) <u>Filing or Discussing Protected Material in Open Court</u>.  Without written permission from the Designating Person, or a court order secured after appropriate notice to all interested persons, a Party or other person subject to this Order may not file or discuss in open court any Protected Material in the public record of this Action.  Any person that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  To the extent any Party or other person subject to this Order is required by the Court to discuss Protected Material in the public record, that person shall request that the Court seal the record pertaining to the Protected Material and it shall not be deemed a waiver of the CONFIDENTIAL or HIGHLY CONFIDENTIAL designation, which shall continue to apply to the Protected Material.

 Consistent with Local Civil Rule 79-5, documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be labeled as such, shall be filed under seal, and any motion discussing such documents must be either filed under seal or partially under seal.  The cover page of such document shall also bear the legend "FILED UNDER SEAL."  Only those portions of such documents and materials containing or reflecting CONFIDENTIAL or HIGHLY CONFIDENTIAL information shall be considered as such, and may be disclosed only in accordance with this Order.

 No Party or other person may have access to any sealed document from the files of the Court without an Order of this Court.  This provision does not relieve the filing person of serving the document on other Parties in accordance with ordinary procedures established by the civil and local rules or Court order.  Documents filed under seal may be unsealed upon a properly noticed and heard motion to the Court and Court-ordered relief.

   (b) <u>Final Disposition</u>.  Unless otherwise ordered by the Court or agreed to in writing by the Producing Person, within sixty (60) days after the final

11

[PROPOSED] <u>AMENDED</u> STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION

termination of this Action, each Receiving Person must destroy or return all Protected Material to the Producing Person, and destroy or return all Secondary Material to the Producing Person, in each case except as provided in this paragraph. With permission in writing from the Designating Person, the Receiving Person may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Person must submit a written certification to the Producing Person (and, if not the same person, to the Designating Person) by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Person has not retained any Secondary Materials. Notwithstanding this provision or anything else in this Agreement, counsel for all Parties to this Action are entitled to retain archival copies of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material or Secondary Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section D ("Duration") above.

**K.    Miscellaneous**

1.    <u>Right to Further Relief</u>.  Nothing in this Order limits the right of any person to seek its modification by the Court in the future.  Moreover, nothing in this Order shall prevent a Producing Person or Designating Person from obtaining a further or different protective order that governs its production of material either by stipulation or Court order.  Motions to modify this Order shall be served and filed under Local Rule 7 and the presiding judge's standing orders or other relevant orders.

2.    <u>Right to Assert Other Objections</u>.  By stipulating to this Protective Order, no Party or other person subject to this Order waives any rights it otherwise would have to object to disclosing or producing any information on any ground not

addressed in this Order. Similarly, no Party waives any right to object on any ground relating to the admissibility of the material covered by this Order.

3. <u>Redactions</u>. Nothing in this Order is intended to limit or expand the extent to which any person may redact irrelevant or other information from any Discovery Material as permitted by the Federal Rules of Civil Procedure or otherwise applicable law.

4. <u>Acknowledgment Forms</u>. Any "Acknowledgment and Agreement to Be Bound" signed by any persons receiving Protected Material shall be maintained by counsel who provided the Protected Material to such persons and shall not be subject to disclosure except by Court order or by agreement. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the Action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

5. <u>Applicable Law</u>. The Order is subject to the Local Rules of the Central District of California and the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

DATED: _____
_____

# ATTACHMENT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order issued by the United States District Court for the Central District of California on July __, 2013 in the case of *Oakley, Inc. v. Nike, Inc., et al.*, No. 12-cv-02138, I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt. I agree that I will not disclose in any manner any information or items that are subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]